# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL TITO PEREZ,<br><br>Defendant. | Case No. 1:22-cr-00330-JLT/SKO<br><br>ORDER REGARDING REQUEST FOR TRAVEL EXPENSES<br><br>(ECF No. 46) |

Before the Court is Defendant Raul Tito Perez's request for travel expenses in relation to a <u>Marsden</u> hearing arraignment held on November 18, 2024, in Fresno, California. (ECF No. 46.) Upon review of the request, Defendant's itemized expenses, and the relevant law, the Court will grant the request in part.

**I.**

**BACKGROUND**

Defendant is a long-term resident of Oregon, currently residing in the City of Talent. (Id.) In April 2023, Defendant was found to be indigent, and the Court appointed Criminal Justice Act ("CJA") panel counsel, pursuant to 18 U.S.C. § 3006A. (ECF No. 11.) Defendant attended the <u>Marsden</u> hearing arraignment on November 18, 2024, in Fresno, California and now seeks compensation for travel, lodging, and subsistence. The funding authority for this request is multifaced, and therefore, the Court explains below.

Pursuant to 18 U.S.C. § 4285, a United States Magistrate Judge "may, . . . [where] the

defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required." Id. Therefore, Defendant seeks compensation, not to exceed the per diem allowance for travel under 5 U.S.C. § 5702(a), from the U.S. Marshal's Service for milage and subsistence expenses for the cost of travel to attend the hearing.

However, 18 U.S.C. § 4285 does not obligate the U.S. Marshal's Service to pay an indigent defendant's expenses once the defendant arrives and can attend court. Relatedly, § 4285 covers travel only to a court appearance, not return travel home. Notwithstanding, the subsistence and return travel expenses have been held by courts to be bound up in a defendant's right to attend court proceedings; a defendant cannot be forced to choose between surrendering himself into custody or to go without food or lodging while attending court. See, e.g., United States v. Badalamenti, No. 84 Cr. 236 (PNL), 1986 WL 8309, at *1-*2 (S.D.N.Y. July 22, 1986). Courts have determined that the CJA, 18 U.S.C. § 3006A, can provide a funding mechanism for a defendant's lodging and subsistence expenses while he or she is away from home for court proceedings and for the cost of return travel and subsistence. See, e.g., United States v. Mendoza, 734 F. Supp. 2d 281, 286-87 (E.D.N.Y. 2010). Therefore, Defendant seeks compensation from funds authorized under the CJA, 18 U.S.C. § 3006A, for lodging, subsistence, and return travel home.

In Defendant's request, counsel for Defendant stated that he "will provide defendant Raul Tito Perez with a copy of the travel funds document which is attached to the proposed order and advise Raul Tito Perez of Raul Tito Perez'[s] potential liability for excess expenses." (ECF No. 46.) The Court notes that the request was accompanied with an exhibit explaining reasonable expenses and an exhibit of the CJA Client Guide to Reasonable Expenses. (ECF Nos. 46-2, 46-3.)

## II.

## ANALYSIS

On November 27, 2024, Defendant provided the Court with an itemization of expenses

including receipts. (ECF No. 48.) Defendant seeks airfare for round trip travel in the amount of $419.04. For his November 17, 2024 travel to Fresno, Defendant also seeks $107.81 for subsistence. Because the U.S. Marshal's Service compensates for airfare only to the destination of the hearing, the Court will grant Defendant's airfare travel request from the U.S. Marshal's Service in the amount of $209.52. Regarding subsistence, the Court notes that while Defendant was provided the two exhibits outlining reasonable expenses, they are in conflict with each other and, in any event, are outdated. (<u>See</u> ECF Nos. 46-2, 46-3.) The Court will apply the FY 2024 per diem rates for Fresno, California outlined by the U.S. General Services Administration.[1]  5 U.S.C. § 5702(a). For first and last day of travel, the subsistence per diem is $51.75. Accordingly, the Court grants in part and denies in part Defendant's subsistence, granting Defendant compensation in the amount of $51.75. Thus, for airfare and subsistence on November 17, 2024, the Court will grant Defendant compensation in the amount of $261.27 from the U.S. Marshal's Service.

For November 17 and 18, 2024, Defendant seeks compensation for lodging in the amount of $165.84 for both nights. Because this amount is below the 2024 daily lodging rates, the Court will grant this request in full. For subsistence on November 17 and 18, 2024, Defendant seeks a total of $103.98. Because this amount is below the 2024 subsistence rates, for both a per diem travel day and a last day of travel, the Court will grant this request in full. The Court will also grant Defendant's return airfare in the amount of $209.52.

For ground transportation, Defendant seeks the following: November 18, 2024 – Uber ride from hotel to court in the amount of $23.91; November 18, 2024 – Uber ride from court to hotel in the amount of $40.25, itemized as $20.45 for the ride plus a $20 tip; and November 19, 2024, Uber ride from airport to home in the amount of $20.94, itemized as $10.94 for the ride plus a $10 tip. (ECF No. 48.) The Court notes that Defendant was not advised that rideshare/cab tipping would be covered, and the Court finds that it would be an inappropriate use of government funds to allow as such. Therefore, the Court will grant Defendants ground

---

[1] U.S. General Services Administration, *FY 2024 per diem rates for Fresno, California*, https://www.gsa.gov/travel/plan-book/per-diem-rates (last accessed Dec. 11, 2024).

transportation request but for only the ride fare in the total amount of $55.30. Defendant's request for compensation for tipping is denied.

Therefore, the Court will grant Defendant compensation in the total amount of $534.64 from funds authorized under the CJA, 18 U.S.C. § 3006A.

## III.
## CONCLUSION AND ORDER

The Court concludes that it is appropriate to authorize compensation for Defendant for his travel, lodging, and subsistence relating to his travel for the November 18, 2024 hearing in Fresno, California. The Court ORDERS that, pursuant to 18 U.S.C. § 4285, the U.S. Marshal's Service shall disburse funds to reimburse Raul Tito Perez in the amount of $209.52 for airfare and $51.75 for subsistence for his court appearance on November 18, 2024. The Court FURTHER ORDERS that, pursuant to 18 U.S.C. § 3006A, the Federal Defender's Office shall disburse CJA funds to reimburse Raul Tito Perez in the amount of $209.52 for return airfare, $103.98 for subsistence, $165.84 for lodging, and $55.30 for ground transportation.

IT IS SO ORDERED.

Dated:   **December 12, 2024**

STANLEY A. BOONE
United States Magistrate Judge