Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 215
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 485-3852

Attorney for Defendant, RAUL TITO PEREZ

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAUL TITO PEREZ,<br><br>Defendant. | Case No.: 1:22-CR-330 JLT/SKO<br><br>Defendant Raul Tito Perez ' Request And [Proposed] Order For Funds For Travel, Lodging, And Subsistence Pursuant To 18 U.S.C. § 4285  And The Criminal Justice Act 18 U.S.C. §3006A<br><br>Expected Travel Dates April 26-28, 2026 |

1.   Introduction and Summary of Argument

Mr. Perez is required to appear on April 27, 2026 for a change of plea hearing. Mr. Perez is a long term Oregon resident. Mr. Perez is indigent and requests funds to allow him to travel to Court.

2.   Due Process Requires The Provision Of The Requested Funds

Mr. Perez' indigency is clear and has been noted by the Court previously.

///

///

1

There is unambiguous statutory authority for this Court to direct the United States Marshal to furnish Mr. Perez with the cost of travel so he can attend court in Fresno on February 24. *See,* 18 U.S.C. § 4285.  Pursuant to that statute, Mr. Perez requests the United States Marshal provide him with airfare and subsistence expenses during his travel period not to exceed the amount authorized as per diem allowance for travel under 5 U.S.C. § 5702(a).

Counsel understands that the United States Marshalls Service policy is to book flights for indigent defendants through a government travel service. Mr. Perez' wife handles his travel arrangements and counsel informed her of this policy. However, a round trip ticket has been privately booked for Mr. Perez' travel. *See,* Exhibit. The outbound portion of that travel cost $202.70 and reimbursement of that amount from the Marshall's Service to Mr. Perez is requested.

Several cases have held that § 4285 does not obligate the Marshalls Service to pay an indigent defendant's subsistence expenses – food and lodging – once the defendant arrives and can attend Court. Similarly, expenses to return home after a Court appearance are not covered by that statute. With regard to travel, lodging, and subsistence funding as a due process right for an indigent defendant, several cases have held that a defendant has the right to attend his court proceedings and cannot be forced to choose between surrendering himself into custody or to go without food and lodging while attending court. *See, United States v. Badalamenti,* 1986 WL 8309 (S.D.N.Y. Jul. 22, 1986).  In *United States v. Mendoza,* 734 F.Supp.2d 281, 286-87, (E.D.N.Y. 2010), the Court found that the Criminal Justice Act, 18 U.S.C. §3006A,  provided the appropriate funding mechanism for a defendant's lodging and subsistence expenses while he is away from home for court proceedings and for the cost of return travel and subsistence.

Based on those precedents, Mr. Perez requests funding for his travel and subsistence as follows:

(1) From funds authorized under 18 U.S.C. § 4285, for the defendant's travel from his home in Oregon to Fresno, California, for his Court appearance on February 24, 202, more specifically $202.70 for airfare and an appropriate amount for subsistence during travel;

(2) From funds authorized under the Criminal Justice Act, 18 U.S.C. §3006A, and any other source the Court finds appropriate for the defendant's travel home from his Court appearance on April 27, 2026 and for his lodging expenses and subsistence after his arrival for that Court appearance and during travel home anticipated to be during April 26-28, 2026.

Counsel is informed and believes this Court is inclined to order travel and subsistence funding as referenced in (1) and (2) above and to further authorize undersigned counsel to advance those expenses not covered by 18 U.S.C. § 4285with reimbursement to counsel from Criminal Justice Act (CJA) funds ordered by the Court.

Counsel will provide defendant Raul Tito Perez with a copy of the travel funds document which is attached to the proposed order and advise Raul Tito Perez of his potential liability for excess expenses. Counsel will seek reimbursement from CJA funds promptly once the authorized travel is completed.

Dated:  April 7, 2026                                    Respectfully submitted,

    /s Kevin Rooney
KEVIN P. ROONEY
Attorney for Defendant
RAUL TITO PEREZ

**O R D E R**

Pursuant to 18 U.S.C. § 4285, the Court orders the United States Marshall's office to reimburse one-way air travel expenses of not more than $202.70 for Raul Tito Perez' travel from his Oregon home to Fresno, California to enable him to be present in this Court by 9:00 a.m. on April 27, 2026 and to pay additional monies to be determined for subsistence expenses during that travel, and for ground transportation to the outgoing airport and to this Court, all in connection with the defendant's travel from his Oregon residence to Fresno, California, for his Court appearance on April 27, 2026.

Pursuant to 18 U.S.C. § 3006A, the Court also orders the disbursement of Criminal Justice Act (CJA) funds to furnish Raul Tito Perez with the travel expenses, lodging, food, and incidental expenses on the anticipated travel dates of April 26-28, 2026 in connection with Mr. Perez' anticipated arrival in Fresno, California on April 26, and his subsistence and incidental expenses in connection with his April 27 Court appearance and April 28 return to Oregon including airfare. It is further ordered that to the extent practicable, the travel and subsistence expenses shall not exceed the parameters set out in the attached Travel Funding Memorandum and the per diem allowance for travel under 5 U.S.C. § 5702(a).

///

///

4

It is further ordered that undersigned counsel may advance the travel and subsistence funds to be disbursed from CJA funds and that counsel is ordered to be reimbursed from CJA funds. Counsel shall seek any reimbursement from CJA funds promptly once the authorized travel is completed. Counsel shall endeavor to limit the expenses to the parameters set out in the attached Travel Funding Memorandum, however counsel is not personally liable for excess expenses and shall be reimbursed from CJA funds for all expenses reasonably authorized.

IT IS SO ORDERED.

Dated:    **April 8, 2026**

UNITED STATES DISTRICT JUDGE

5